## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**KENNY PARKS**, a single individual**,**

                    Plaintiffs,

vs.

**CITY OF HOBBS**, a Political subdivision of the State of New Mexico; **CITY OF HOBBS POLICE DEPARTMENT**, a Political subdivision of the City of Hobbs; **GARY DON REAGAN**, individually and in his official capacities as Mayor for the City of Hobbs; **J.D. SANDERS**, individually and in his official capacities as Chief of Police for the City of Hobbs; **CLIPPER MILLER**, in his official capacity as a Sergeant for the City of Hobbs; **ARNULFO ROJAS**, individually and in his official capacities as a police officer for the City of Hobbs; JOHN DOES, I-X; JANE DOES, I-X; and BLACK and WHITE ENTITIES, I-X;

                    Defendants.

Cause No. _**6:11-cv-00656**_____

**COMPLAINT**

**JURY TRIAL DEMANDED**

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, TORT CLAIMS AND DAMAGES

      **COMES NOW**, Plaintiff Kenny Parks, by and through his attorney, Joseph M. Zebas, and files this Complaint for violation of his civil rights under the Eighth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983 and for torts under the New Mexico tort Claims Act and state common law. Plaintiff hereby submits the following in support of his complaint:

## PARTIES

1. Plaintiff Kenny Parks (Parks) is an individual who resides in the County of Lea, New Mexico.

2. Defendant City of Hobbs, New Mexico, (Hobbs) is a municipality and political subdivision of the State of New Mexico. Defendant City of Hobbs is a person subject to suit under 42 U.S.C. § 1983 and a governmental entity subject to suit under state law.

3. Defendant City of Hobbs Police Department (HPD) is a political subdivision of the City of Hobbs, Lea County, New Mexico, within the purview of the City of Hobbs and a person subject to suit under 42 U.S.C. § 1983.

4. Upon information and belief Defendant Gary Don Reagan (Reagan) is an individual who resides in the County of Lea, State of New Mexico. At the time of the incident at issue in this matter, Defendant Reagan was duly elected Mayor for the City of Hobbs. He is named herein in both his official and individual capacities, as such terms are used within jurist prudence of 42 U.S.C. § 1983.

5. Upon information and belief Defendant J.D. Sanders (Sanders) is an individual who resides in the County of Lea, State of New Mexico. At the time of the incident at issue in this matter, Defendant Sanders was the Chief of Police for HPD. Additionally, J.D. Sanders is vicariously liable for the actions of his agents and police officers. At all times relevant to this Complaint, Defendant Sanders was acting under color of state law within the scope of his employment as the Chief of the City of Hobbs' Police Department. He is named herein in both his official and individual capacities, as such terms are used within the jurist prudence of 42 U.S.C. § 1983.

6. Upon information and belief, Defendant Clipper Miller (Miller) is an individual who resides in the County of Lea, State of New Mexico. At the time of this incident at issue in this matter, Defendant Miller was employed by Defendant City of Hobbs Police Department as a Sergeant.  All of the actions, omissions, or other conducts of Defendant Clipper Miller as described in this Complaint were within the course and scope of Defendant Miller's employment with Defendant HPD.   At all times relevant to this Complaint, Defendant Miller was acting under color of state law within the scope of his role as an agent of the City of Hobbs. He is named herein in his official capacity, as such terms are used within jurist prudence of 42 U.S.C. § 1983.

7. Upon information and belief, Defendant Arnulfo Rojas (Rojas) is an individual who resides in the County of Lea, State of New Mexico. At the time of this incident at issue in this matter, Defendant Rojas was employed by Defendant City of Hobbs Police Department as a Police Officer.  All of the actions, omissions, or other conducts of Defendant A. Rojas as described in this Complaint were within the course and scope of Defendant A. Rojas' employment with Defendant HPD.   At all times relevant to this Complaint, Defendant Rojas was acting under color of state law within the scope of his role as an agent of the City of Hobbs. He is named herein in both his official and individual capacities, as such terms are used within jurist prudence of 42 U.S.C. § 1983.

8. Defendant City of Hobbs, Hobbs Police Department, J.D. Sanders, Clipper Miller and Arnulfo Rojas shall be collectively referred to as the "City of Hobbs Defendants".

9. Defendant John Does I-X and Jane Does I-X upon further information and belief, individually and in their official capacities and residing in the State of New Mexico, at all times relevant to this Complaint hereto were acting in the course and scope of their

employment. Said Defendants may include, but are not necessarily limited to, employees and agents of City of Hobbs and City of Hobbs Police Department, who participated in the malicious and excessive use of force against Plaintiff.

10. Said Defendants have, upon information and belief, helped to cause the incidents alleged herein.  The true names of John and Jane Does I-X are not known but will be provided to this Court as they are learned.

11. Defendant Black and White Entities I-X are, upon information and belief, entities which operate in and have substantial ties to City of Hobbs, Lea County, State of New Mexico. Said Defendants have, upon information and belief, helped to cause the incident or accident alleged herein.  The true names of Black and White Entities I-X are not known but will be provided to this Court as they are learned.

## JURISDICTION AND VENUE

12. Jurisdiction and venue are proper in this Court pursuant to 28 U.S.C § 1331(Federal Question) and 28 U.S.C § 1343 (3) (Civil Rights), all of the parties reside or do business in the State of New Mexico.

13. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 (a).

14. A proper Notice of Claim pursuant to NMSA § 41-4-16 was served upon City of Hobbs Defendant on or about October 23, 2009.

15. Defendants caused an event(s) to occur in Lea County of which this action is based.  As such, Venue is proper in this Court.

## FACTUAL BACKGROUND

16. Plaintiffs incorporate all of the preceding paragraphs as though fully set forth herein.

17. On July 29, 2009 Parks, a minor child at the time, had been arrested for shoplifting and was being detained at the Hobbs Police Station when he decided to flee the station on foot.

18. Parks was unarmed, had not committed a violent crime and was in no way threatening to the public.

19. While running from the police station Parks proceeded East on Cain and then South on Fowler. As soon as Parks fled the police station, Defendant Rojas got into his police unit and, at a high rate of speed, began chasing Parks.

20. While proceeding on foot across Fowler, Parks tripped and fell in the middle of the street; instead of getting up and continue to flee, he remained in the road giving his self up.

21. When Defendant Rojas turned onto Fowler, the minor child was half way down the block, as such Defendant Rojas had plenty of time to see the minor child and take evasive action to avoid hitting the child, who had surrendered on the ground.

22. Defendant Rojas did not turn a blind corner, or onto a street with traffic. In fact, Fowler is 56 feet wide and on the evening of the accident there was no traffic and no vehicles were parked on the side of the road or any other obstructions that would have prevented Defendant Rojas from maneuvering his police unit to avoid hitting the child.

23. Instead of slowing down he continued to operate his patrol unit at a high rate of speed, Defendant Rojas never took measures to avoid the collision, but instead ran the child over causing severe debilitating injuries.

24. The total distance from the Hobbs Police Station to the point of the child being run over is one-tenth of a mile.

25. Defendant Rojas's high rate of speed and pursuit of Parks in his patrol unit was an act of deliberate indifference and excessive use of force.  As a result, Parks sustained severe debilitating injuries that required him to undergo surgery and to be hospitalized for several days.

26. As a proximate result of Defendants wrongful, unlawful and offensive actions, Plaintiff suffered severe debilitating injuries which have caused, and continue to cause, Plaintiff great mental, physical, and nervous pain and suffering.  Plaintiff has been informed and therefore alleges that these injuries will result in permanent disability to Plaintiff.  As a result of these injuries Plaintiff has suffered general damages in an amount within the jurisdiction of this Court, and to be proved at trial.

27. As a further proximate result of Defendants wrongful, unlawful and offensive actions, Plaintiff has incurred, and will continue to incur, medical and related expenses.  The full amounts of these expenses are not known to Plaintiff at this time; however, as this information becomes fully known it will be disclosed.

## THEORIES OF LIABILITY AND CLAIMS FOR RELEIF

### A. LIABILITY OF HOBBS POLICE OFFICER DEFENDANT ROJAS

28. Plaintiffs incorporate all of the preceding paragraphs as though fully set forth herein.

29. Defendant Rojas's use of a police unit to run down and run over the Plaintiff was an unlawful use of excessive force towards Plaintiff unreasonable and unjustified under the circumstances.  Defendant Rojas demonstrated a willful, wanton and reckless disregard towards the Plaintiff.

30. Due to Defendant Rojas's willful, wanton and reckless disregard towards the Plaintiff, Plaintiff sustained substantial injuries.

31. Defendant Rojas's willful, wanton and reckless behavior and his reckless disregard for the Plaintiff's wellbeing entitle the Plaintiff to punitive damages.

### B. SUPERVISORY AND MUNICIPAL LIABILITY CLAIMS

32. Plaintiffs incorporate all of the preceding paragraphs as though fully set forth herein.

33. Defendant Sanders was the commander of the Hobbs Police Department and was responsible for the day to day operations/supervision of its members.  Defendant Sanders knew or should have known of Defendant Rojas's knowledge with regards to pursuits and the use of deadly force.

34. As a direct and proximate result of the acts and omissions of Defendant Sanders, Plaintiff suffered the injuries complained of herein.

35. Defendant Miller was the sergeant on duty during the shift in which the minor child was struck by Defendant Rojas.  Defendant Miller knew or should have known of Defendant Rojas's lack of knowledge with regards to pursuits and the use of deadly force.

36. As a direct and proximate result of the acts and omissions of Defendant Miller, Plaintiff suffered the injuries complained of herein.

37. Defendants City of Hobbs Police Department failed to properly supervise/train subordinate officers in their day to day routines. As a result, the Defendants failure to adequately supervise/train was a direct cause of injuries complained of by Plaintiff herein.

38. Each of these Defendants acted intentionally and/or with deliberate indifference to the rights of Plaintiff and their acts and omissions were a direct cause of injuries suffered by Plaintiff.

## VIOLATION OF STATE AND FEDERAL LAW

39. Plaintiffs incorporate all of the preceding paragraphs as though fully set forth herein.

40. The wrongful conduct of the Defendants as alleged herein constitute violations, under color of state law of Title 42, U.S.C. § 1981, and with deliberate indifference Defendants deprived Plaintiff of his rights, privileges and immunities secured to him by the Constitution of the United States.

41. The wrongful conduct of the Defendants as alleged herein constitutes violations, under color of state law, of Title 42, U.S.C. § 1983, and with deliberate indifference they deprived the Plaintiff of his rights, privileges and immunities secured to him by the Constitution of the United States.

42. The wrongful conduct of the Defendants as alleged herein constitutes violations, under color of state law, of Article 5, § 2, of the United States Constitution, and that the Plaintiff was denied the privileges and immunities granted to all U.S. Citizens.

43. The wrongful conduct of the Defendants as alleged herein constitutes tortuous actions and gross negligence under common law of the State of New Mexico, and that the Defendants had a duty to protect the Plaintiff from unreasonable risk of harm.

44. The wrongful conduct of the Defendants as alleged herein constitutes violations under the laws of New Mexico and that Defendants subjected Plaintiff to assault and battery without justification.

45. As a direct and proximate result of the wrongful conduct of the Defendants, as alleged herein, Plaintiff suffered permanent injuries and incurred damages as a result.

## STATE NEGLIGENCE CLAIMS AGAINST
## DEFENDANTS SANDERS, MILLER, ROJAS AND CITY OF HOBBS

46. Plaintiffs incorporate all of the preceding paragraphs as though fully set forth herein.

47. In retaining, assigning and training agents of the City of Hobbs, and in the operation and training for such agents during all times relevant to this Complaint, Defendants Sanders, Defendant Miller, Defendant Rojas and Defendant City of Hobbs had a duty to exercise reasonable care for the safety of Hobbs' citizens, with whom such agents came into contact.

48. Defendants Sanders and Miller, as well as Defendant City of Hobbs acting by and through its other supervisory personnel, failed to exercise such care by, among other things, failing to properly train, failing to enforce, and failing to monitor compliance with physical, procedural and regulatory safeguards to protect citizens from violations of their civil and constitutional rights by agents for the City, including those such as Defendants Rojas, who failed to follow procedure with regards to high speed chases and the use of deadly force.

49. These Defendants' actions were in complete derogation of any known standard for the proper administration and operation of a law enforcement agency.

50. These Defendants' acts and omissions constituted negligence, gross negligence, and recklessness towards the Plaintiff.

51. These Defendants' negligence, gross negligence and recklessness proximately caused the violations of Plaintiff's constitutional rights set forth above, as well as Plaintiff's damages, which include pain and suffering and psychological and emotional distress.

52. Defendant City of Hobbs is vicariously liable under the doctrine of *respondent superior* for the acts and omissions of its supervisory employees committed in the scope of their employment, including but not limited to the acts and omissions of Defendants Sanders, Defendant Miller and Defendant Rojas.

9

## ALLEGATIONS OF DAMAGES

53. Plaintiffs incorporate all of the preceding paragraphs as though fully set forth herein.

54. As a direct and proximate result of the conduct, the Plaintiff has suffered and will continue to suffer pain, anguish, stress and mental suffering.

55. As a direct and proximate result of the conduct, the Plaintiff has suffered and will continue to suffer pain, anguish, stress and mental suffering.

56. Pursuant to 42 U.S.C § 1988, Plaintiff is entitled to recover attorney's fees as to the cause of actions alleged under the Constitution and the laws of the United States.

## JURY TRIAL DEMAND

57. Plaintiff hereby demands a trial by jury.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendants as follows:

A.   General damages in an amount to be determined at trial;

B.   Punitive damages in an amount deemed just and reasonable;

C.   Compensatory damages in an amount deemed just and reasonable;

D.   Attorney's fees as permitted under 42 U.S.C 1988;

E.   Cost of litigation; and,

F.   Such other and further relief as the court may deem just and reasonable.

Dated this 26th day of July, 2011.


**ZEBAS LAW FIRM, L.L.C.**
/s/ Joseph M. Zebas
Joseph M. Zebas
*Attorneys for Plaintiff*
414 N. Turner
P.O. Box 1675
Hobbs, NM 88241
(575)393-1024